IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BOBBY LaVAR GREENE, # R-53675,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 15-cv-01296-NJR |
| | ) |
| **VIPEN SHAH,** | ) |
| **DIRECTOR OF IDOC,** | ) |
| **SUZANNE BAILEY,** | ) |
| **and WARDEN LASHBROOK,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On November 23, 2015, Plaintiff commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 against officials at Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff complains that these defendants violated his rights under the Eighth and Fourteenth Amendments by serving him a soy-based diet and only two meals per day. The Court did not screen the complaint pursuant to 28 U.S.C. § 1915A because it was incomplete—it did not include a request for relief or signature. (Doc. 1).

On December 15, 2015, the Court entered an Order requiring Plaintiff to address these issues by filing a "First Amended Complaint." (Doc. 7). The Court explained that Rule 8 of the Federal Rules of Civil Procedure requires "[a] pleading that states a claim for relief [to] contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." FED. R. CIV. P. 8(a)(3). Further, Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). Plaintiff was ordered to

submit a properly completed and signed complaint, which includes a request for relief, within thirty-five (35) days (on or before **January 19, 2016**). To enable Plaintiff to comply with the Order, the Clerk provided Plaintiff with a blank civil rights complaint form and a copy of the original complaint.

The deadline for filing the "First Amended Complaint" has now passed. Plaintiff has not filed an amended complaint. He also has not requested an extension of the deadline for doing so.

As a result, this case is **DISMISSED without prejudice** for failure to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall **not** count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, however, and so the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The pending motion for recruitment of counsel (Doc. 3) is **DENIED**. In his motion, Plaintiff disclosed no efforts to retain an attorney prior to seeking the court's assistance in doing so. *See* 28 U.S.C. § 1915(e)(1); *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). Further, he was only required to add a request for relief and sign his complaint before the Court could screen it pursuant to § 1915A. An attorney was not necessary to satisfy either requirement.

The pending motion for service of process at government expense (Doc. 4) is **DENIED as moot**.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave

to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: February 1, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**